## J. Pizaro, Defendant in Error, v. Inland Steel Company, Plaintiff in Error.

## Gen. No. 16,623.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Tort. Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912. Rehearing denied June 6, 1912.

FRANK M. COX and R. J. FELLINGHAM, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was an action in tort brought in the Municipal Court of Chicago by J. Pizaro, defendant in error and hereinafter referred to as plaintiff, against Inland Steel Company, a corporation, plaintiff in error and hereinafter referred to as defendant, to recover damages for personal injuries sustained by plaintiff while in the employ of defendant in its factory or plant, in the city of Chicago. At the time of the accident plaintiff was engaged, together with two other servants of defendant, in pushing a truck loaded with iron along a miniature railway in the shipping room of defendant. The truck was about 4½ feet long, was longer than it was wide, and had four wheels. The top of the truck was a flat platform, about two feet above the level of the floor. At each of the four corners of this flat platform there was a vertical stake. As the truck was being pushed forward at the time of the

accident, plaintiff was walking on the left hand side of said truck, having hold of the back stake on that side with his right hand, and having hold of the front stake with his left hand. One of his fellow laborers was walking along on the right hand side of said truck, and his other fellow laborer was back of the truck pushing. While the men were so engaged, plaintiff stepped into a hole in the floor and fell in such a manner that a portion of his right hand came upon the rail, and the second finger of said hand was cut off about even with the index finger, and plaintiff's thumb was also cut, leaving a scar.

On the trial, before a jury, the plaintiff and his two co-laborers were sworn as witnesses for plaintiff and each testified. They were cross-examined by defendant's attorney. At the conclusion of plaintiff's case defendant, by its counsel, moved the court to instruct the jury to find the defendant not guilty, which the court refused to do, and thereupon the defendant elected to stand by its motion for a directed verdict and offered no evidence. The jury returned a verdict finding the defendant guilty, and assessed plaintiff's damages at the sum of $300. Defendant entered its motion for a new trial, which was denied, and the court entered judgment on the verdict in favor of plaintiff, to the entry of which judgment defendant duly excepted.

Counsel for defendant urges this court to reverse the judgment because (1), the verdict is not supported by the evidence, (2), the defendant was not guilty of negligence, which was the proximate cause of the injury, (3), plaintiff assumed the risk, (4), plaintiff was guilty of contributory negligence, (5), error of the trial court in admitting certain testimony, and in refusing to admit certain other testimony.

· No good purpose, it seems to us, will be served by a discussion here of the several points above mentioned. Suffice it to say, that in our opinion, after a review

of the evidence, we cannot say that the verdict is not supported by the evidence. On the questions as to whether the defendant was not guilty of negligence which was the proximate cause of the injury, or whether the plaintiff assumed the risk, or whether the plaintiff was guilty of contributory negligence, we are of the opinion that, under the evidence in this case, these questions and each of them were for the jury to pass upon. As to the rulings of the trial court in admitting certain testimony and in refusing to admit certain other testimony we do not think that the rulings are such as would constitute error prejudicial to defendant, warranting a reversal of the judgment.

The judgment of the Municipal Court is affirmed.

*Affirmed.*